Citation Nr: 1710347 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 08-32 528 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for a lumbar spine disorder, claimed as residuals of a spinal cord injury. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

P. Daugherty, Associate Counsel

INTRODUCTION

The Veteran served on active duty from May 1981 to August 1981. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from an October 2007 rating decision of the Houston, Texas, Regional Office (RO) of the Department of Veterans Affairs (VA). 

In December 2012, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge. A written transcript of the hearing has been associated with the record. 

In December 2011 and May 2013 the Board, among other things, remanded the appeal for additional development. In December 2014, the Board denied the Veteran's claim. The Veteran thereafter appealed to the United States Court of Appeals for Veterans Claims (Court) and in a June 2015 order, the Court granted the VA General Counsel's and appellant's Joint Motion to vacate and remand the December 2014 Board decision. 

In August 2015 and May 2016, the Board remanded the appeal for additional development consistent with the Court Order. 

Subsequently, a new VA examination was conducted in July 2016. Unfortunately, the requested development has not yet been completed.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

While the Board sincerely regrets further delay, additional development is required before the claim can be decided on the merits. 

In May 2016, the Board most recently remanded the appeal to obtain an adequate opinion by a medical doctor who had never examined the Veteran before. The examiner was directed to provide a detailed opinion as to the origins or etiology of the Veteran's low back disability and take into account both the Veteran's lay statements and his medical history. 

However, while the Veteran was provided a post-remand VA examination in July 2016, the Board does not find that examination adequate because it was conducted by a certified physician's assistant and not a medical doctor. The Board also does not find the examination adequate because there is no indication that the examiner took into consideration the Veteran's lay statements when providing the etiology opinion, including his testimony that he had continuous problems with his back pain since May 1981, when he slipped and fell down some stairs. Lastly, the Board finds the examination inadequate because when discussing the Veteran's April 1981 service examination the examiner was under the mistaken belief that it was his discharge examination when it was his enlistment examination. 

Therefore, the Based finds that another remand is required to obtain the needed medical opinions. 38 U.S.C.A. § 5103A(d) West 2014); Barr v. Nicholson, 21 Vet. App. 303 (2007); Stegall v. West, 11 Vet. App. 268 (1998). 

While the appeal is in remand status the Veteran's updated VA and private treatment records should be obtained and associated with the claims file. See 38 U.S.C.A. § 5103A(b) (West 2014).

Accordingly, the case is REMANDED for the following action:

1. Associate with the claims file all of the Veteran's post-service treatment records from the Fayetteville VA Medical Center.

2. After obtaining authorizations from the Veteran, associate with the claims file any outstanding private treatment records. 

3. After undertaking the above development to the fullest extent possible, schedule the Veteran for a new VA orthopedic examination to be conducted by a medical doctor who has not previously examined the Veteran to obtain an opinion as to the origins or etiology of his low back disability. The claims file should be provided to the examiner. 

All indicated studies and tests deemed necessary by the examiner should be accomplished and all findings reported in detail. 

In addressing the questions below, the examiner's opinion should be assisted by an examination and interview of the Veteran, a review of the Veteran's medical history, and findings as documented upon any prior examination or treatment. The examiner must also consider the lay statements of record, which may be used to support a diagnosis or an assessment of etiology as related to service. The examiner is requested to discuss the Veteran's symptoms during the time period between 1981 and 1993 with the Veteran as there are no medical records for this period. The examiner should consider the Veteran's lay statements as credible for the purpose of the examination. The examiner must then provide the following: 

(a) Based on a review of the claims folder and interview and evaluation of the Veteran, the examiner must identify any and all back disabilities present.

(b) Based on a review of the claims folder and interview and examination of the Veteran, the examiner should state for each diagnosis of a back disability, whether it is at least as likely as not that any identified current back disability is directly related to the Veteran's military service, to include consideration as to whether it initially manifested or had its onset in service. The examiner should also address the Veteran's disc herniation at L4 - L5 and its progression to where surgery was required and determine whether it is at least as likely as not to have occurred from the time of the Veteran's discharge until his surgery. 

(c) If the examiner believes that the Veteran has a back disorder which was present prior to service, the examiner should thoroughly explain the basis of that belief and specifically opine as to whether there is clear and unmistakable evidence (i.e., obvious or manifest) that such disorder developed prior to service, and if it did, whether there is also clear and unmistakable evidence that any increase in severity of symptoms during service represented mere natural progression of the pre-existing disorder, as opposed to an aggravation of the disorder. The examiner must specify the evidence and medical principles considered in arriving at the conclusion. 

As previously noted, the previous VA examinations have been found to be inadequate for failing to address lay and medical evidence in the claims file. It is imperative that the examiner discuss the STR entries, lay statements and post-service medical evidence when providing a rationale for all conclusions. 

A report of the examination should be prepared and associated with the Veteran's VA claims file. A complete rationale must be provided for all opinions rendered. If the examiner cannot provide the requested opinions without resorting to speculation, he or she should expressly indicate this and provide a support rationale as to why an opinion cannot be made without resorting to speculation. 

4. Thereafter, and after undertaking any additional development deemed necessary, readjudicate the issue on appeal. If any benefits sough on appeal remain denied, in whole or in part, the Veteran and his representative should be provided a supplemental statement of the case and be afforded a reasonable opportunity to respond. The case should then be returned to the Board for further appellate review, if otherwise in order. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
Michael J. Skaltsounis
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).